UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ANGELA G. HAMBACH,<br>TED A. HAMBACH<br>11755 East Zaring Road<br>Columbia, Missouri 65202 | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No: 3:15-cv-00709 |
| BUILDERS TRANSPORTATION<br>CO., LLC | ) ) ) | JURY TRIAL DEMANDED |
| SERVE: FRANK P. PHILLIPS SR.<br>7302 Hidden Oaks Cove<br>Germantown, Tennessee 38138 | ) ) ) ) ) | |
| FRANK P. PHILLIPS JR.<br>9479 Forestwood Road<br>Germantown, Tennessee 38138 | ) ) ) ) | |
| JOHN P. PHILLIPS<br>1881 Chelsea Park Cove<br>Germantown, Tennessee 38139 | ) ) ) ) | |
| GENE B. PHILLIPS<br>9370 Grove Park Cove<br>Germantown, Tennessee 38139 | ) ) ) ) ) | |
| and | ) ) | |
| DUSTIN M. IVERSON<br>169 North Elm Street<br>El Paso, Illinois 61738-1054 | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

*Comes now* Plaintiff Angela G. Hambach and Plaintiff Ted A. Hambach and for their Complaint against Defendant Builders Transportation Co., LLC (hereinafter "Defendant

Page 1 of 8

Builders") and Defendant Dustin M. Iverson (hereinafter "Defendant Iverson"), state and allege as follows:

## PARTIES

1. Plaintiff Angela G. Hambach and Plaintiff Ted A. Hambach are citizens of the state of Missouri, domiciled at 11755 East Zaring Road, Columbia, Missouri 65202.

2. Defendant Builders is a limited liability company organized and existing under the laws of the State of Tennessee.

3. Defendant Builders' principal place of business is in Shelby County, Tennessee.

4. Upon information and belief, Defendant Builders' members' citizenship and respective domiciles are as follows:

   a. Frank P. Phillips Sr., a citizen of Tennessee, domiciled at 7302 Hidden Oaks Cove, Germantown, Tennessee 38138.

   b. Frank P. Phillips Jr., a citizen of Tennessee, domiciled at 9479 Forestwood Road, Germantown, Tennessee 38138.

   c. John P. Phillips, a citizen of Tennessee, domiciled at 1881 Chelsea Park Cove, Germantown, Tennessee 38139.

   d. Gene B. Phillips, a citizen of Tennessee, domiciled at 9370 Grove Park Cove, Germantown, Tennessee 38139.

5. Defendant Iverson is a citizen of the state of Illinois, domiciled at 169 North Elm Street, El Paso, Illinois 61738.

6. Defendant Builders' Registered Agent, Frank Phillips, is registered with Tennessee's Secretary of State at 3710 Tulane Road, Memphis, Tennessee 38116-3928.

## JURISDICTION

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

8. This action arises under diversity of citizenship, 28 U.S.C. § 1332(a)(1), as hereinafter more fully appears.

9. This is a civil action.

10. Plaintiff Angela G. Hambach seeks to recover damages in excess of $75,000.00, exclusive of interest and costs.

11. Plaintiff Ted A. Hambach seeks to recover damages in excess of $75,000.00, exclusive of interest and costs.

12. There is complete diversity of citizenship between plaintiffs and defendants in that Plaintiff Angela G. Hambach and Plaintiff Ted A. Hambach are citizens of the state of Missouri, domiciled at 11755 East Zaring Road, Columbia, Missouri 65202, Defendant Builders is an LLC with each of its members being citizens of and domiciled in Tennessee, and Defendant Iverson is a citizen of the state of Illinois, domiciled at 169 North Elm Street, El Paso, Illinois 61738.

13. Furthermore, this Court has personal jurisdiction over both Defendant Builders and Defendant Iverson.

14. Under Fed. R. Civ. P. 4(k)(1)(A), a United States District Court has personal jurisdiction over any party who is subject to personal jurisdiction in a court of general jurisdiction in the state where the district court is located.

15. Under 735 ILL. COMP. STAT. 5/2-209(a)(2) (2008), through Defendant Iverson's commission of a tortious act within Illinois while acting within the course and scope of

his employment for Defendant Builders, the courts of general jurisdiction in Illinois obtained personal jurisdiction over Defendant Iverson and Defendant Builders.

16. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events and occurrences that are the subject of the cause of action stated in this Complaint occurred in Madison County, Illinois, which is in the judicial district of The Southern District of Illinois, East St. Louis Division.

### GENERAL ALLEGATIONS

17. On or about July 19, 2013, Plaintiff Angela G. Hambach, while in the exercise of due care, was operating her vehicle northbound on Interstate 55 in Pin Oak Township, Madison County, Illinois.

18. At the same time, Defendant Iverson, while in the course and scope of his employment for Defendant Builders, was operating his semi-truck northbound on Interstate 55 in Pin Oak Township, Madison County, Illinois.

19. On or about July 19, 2013, Defendant Iverson, while in the course and scope of his employment for Defendant Builders, negligently operated his semi-truck, and was negligent in one or more of the following respects:

    a. failing to keep a careful lookout;

    b. driving at an excessive speed;

    c. driving at a speed which made it impossible for Defendant Iverson to stop within the range of his visibility;

    d. driving in a reckless manner without due care;

    e. following Plaintiff Angela G. Hambach's vehicle too closely;

  f. coming into collision with the rear of Plaintiff Angela G. Hambach's vehicle;

  g. colliding with Plaintiff Angela G. Hambach's vehicle;

  h. knowing, or by the use of the highest degree of care could have known, that there was a reasonable likelihood of collision (in time thereafter to have stopped, swerved, slacked speed, and/or sounded warning) but Defendant Iverson failed to do so;

  i. driving too fast for the road and traffic conditions; and

  j. in other respects not fully known at this time.

20. Defendants owed Plaintiff Angela G. Hambach and others a duty to operate the semi-truck exercising the highest degree of care so as not to endanger Plaintiff Angela G. Hambach or others and Defendant Iverson, while in the course and scope of his employment for Defendant Builders, violated said duty of care.

21. Defendants' actions and conduct as alleged herein were willful and wanton in that Defendants showed an utter indifference to, or conscious disregard for, Plaintiff Angela G. Hambach's safety and the safety of others so that justice and the public good require the imposition of punitive damages in such sum as will serve to punish Defendants and discourage Defendants and others from similar conduct.

## COUNT I – PERSONAL INJURY TO PLAINTIFF ANGELA G. HAMBACH

*Comes now* Plaintiff Angela G. Hambach, and for Count I of this Complaint against Defendant Builders and Defendant Iverson, states as follows:

22. Plaintiff Angela G. Hambach hereby adopts and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 21 above inclusive.

23. As a direct and proximate result of Defendant Builder's and Defendant Iverson's actions and conduct as alleged herein, Plaintiff Angela G. Hambach sustained serious, permanent, and progressive injuries to and pain in her brain, head, neck, shoulders, left hand, left fingers, ribs, hips, and knees.

24. As a direct and proximate result of Defendant Builder's and Defendant Iverson's actions and conduct as alleged herein, Plaintiff Angela G. Hambach is unable to carry on her everyday chores and pleasures or indulge in her customary ways of life as before the collision and will suffer said damages permanently.

25. As a direct and proximate result of Defendant Builder's and Defendant Iverson's actions and conduct as alleged herein, Plaintiff Angela G. Hambach has been caused to undergo extensive medical treatment and has incurred medical bills and expenses for said treatments and medicines, and will, in the future, be obligated to spend additional monies for medical treatments, medicine, and care.

26. As a direct and proximate result of Defendant Builder's and Defendant Iverson's actions and conduct as alleged herein, Plaintiff Angela G. Hambach has incurred a substantial loss of income, and will, in the future, suffer a substantial loss of income.

27. At all pertinent times stated herein, Defendant Iverson was acting within the course and scope of his employment for Defendant Builders.

28. Plaintiff Angela G. Hambach requests a jury trial.

*Wherefore*, Plaintiff Angela G. Hambach prays for judgment in favor of Plaintiff Angela G. Hambach and against Defendant Builders and Defendant Iverson for compensatory damages that are fair, equitable, and in excess of $75,000.00, exclusive of interest and costs, plus punitive damages as will serve to punish Defendants and discourage Defendants and others from similar

conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this court deems just and proper under the circumstances.

## COUNT II – LOSS OF CONSORTIUM
## TO PLAINTIFF TED A. HAMBACH

*Comes now* Plaintiff Ted A. Hambach, and for Count II of this Complaint against Defendant Builders and Defendant Iverson, states as follows:

29. Plaintiff Ted A. Hambach hereby adopts and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 28 above inclusive.

30. Plaintiff Ted A. Hambach was, at all pertinent times, the lawfully wedded husband of Plaintiff Angela G. Hambach.

31. As a direct and proximate result of the carelessness and negligence of Defendant Iverson while in the course and scope of his employment for Defendant Builders, Plaintiff Ted A. Hambach, as the lawfully wedded husband of Plaintiff Angela G. Hambach, was deprived of the service, society, companionship, comfort, care, and consortium to which he was entitled to as her husband, and will continue to suffer similar damages in the future by reason of the permanency of her injuries.

32. At all pertinent times stated herein, Defendant Iverson was acting within the course and scope of his employment for Defendant Builders.

33. Plaintiff Ted A. Hambach requests a jury trial.

*Wherefore*, Plaintiff Ted A. Hambach prays for judgment in favor of Plaintiff Ted A. Hambach and against Defendant Builders and Defendant Iverson for compensatory damages that are fair, equitable, and in excess of $75,000.00, exclusive of interest and costs, plus punitive damages in such sum as will serve to punish Defendants and discourage Defendants and others

from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this court deems just and proper under the circumstances.

Respectfully Submitted,

_____
L. G. Copeland – Mo. Bar #34337
**Lead Counsel**

THE COPELAND LAW FIRM
900 East Broadway
Columbia, Missouri 65201
(573) 874-3100
(573) 874-3200 (Fax)
copelandlawfirm@tclf.net

Attorney for Plaintiff.