IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA G. HAMBACH and TED A. HAMBACH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 15-cv-00709-JPG-RJD ) |
| BUILDERS TRANSPORTATION CO., LLC and DUSTIN M. IVERSON, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion (Doc. 52) for Clarification. The defendants filed a timely response (Doc. 55).

1. **Background**.

This is a personal injury matter arising from a motor vehicle accident on Interstate 55 in Madison County, Illinois. The plaintiff, Angela Hambach, was driving northbound when her vehicle was impacted in the rear by a semi-truck being operated by Defendant Iverson. Defendant Iverson was employed by defendant Builders Transportation Co., LLC ("Builders") at the time of the incident. Plaintiff Ted Hamback is Angela Hambach's husband and he is alleging a loss of consortium in the amended complaint.

The plaintiffs now move the Court for clarification with regard to Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2). Specifically, whether Dr. Christopher J. Wolf should be regarded a treating physician or a retained expert for the purposes of Rule 26(a)(2).

2. **Standard.**

Under the Federal Rules of Civil Procedure, there is no provision for a motion for clarification. The proper means for raising this issue would be a motion pursuant to Federal Rule of Civil Procedure 37(c) or a pretrial motion *in limine*. However, since the parties have raised the issue, the Court grants the motion and will address it in order to expedite pretrial matters.

Federal Rule of Civil Procedure 26 governs the duty to disclose and general provisions governing discovery. Section (a)(2) of Rule 26 pertains to the disclosure of expert testimony. Specifically, Rule 26(a)(2)(B) provides:

> *Witnesses Who Must Provide a Written Report.*
> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

With regard to treating physicians, the Seventh Circuit has held that, "[w]e resolve this outstanding issue today by concluding that a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010).

3. **Analysis**.

Dr. Christopher Wolf[1] of the University of Missouri Healthcare was disclosed by the plaintiffs as a Rule 26(a)(2)(C) non-retained expert witness. A Rule 26(a)(2)(C) witness is not required to provide a written report, but the party must disclose the subject matter and a

---

[1] The plaintiffs indicate that they requested Dr. Wolf to provide a report (in anticipation that the defendants would argue Dr. Wolf was a retained expert) and Dr. Wolf refused. Doc. 52, pg 2.

summary of the facts and opinions to which the witness is expected to testify.  According to the plaintiffs' disclosure, Dr. Wolf is one of plaintiff Angela Hambach's treating physicians and is expected to testify with regard to her injuries and that her injuries were the direct and proximate cause of the incident in question.  The plaintiffs further state that that Dr. Wolf, "currently coordinates the care of the other physicians and specialists treating Angela Hambach" and is in the best position to "opine on her condition, the causes of it, and her prognosis."

The defendants argue that the plaintiff did not seek treatment from Dr. Wolf until after she retained counsel.  They further state that Dr. Wolf has meet and conferred with plaintiffs' counsel and that plaintiffs' have provided Dr. Wolf with "reports and opinions of Plaintiff's retained forensic psychologist."  The defendants also allege that Dr. Wolf has conferred with Plaintiffs' retained life care planner, vocational rehabilitation experts, and been provided "opinions of other medical providers and even an affidavit from Plaintiff's employer." (Doc. 55, pg 4).   As such, it is the defendants' position that Dr. Wolf's involvement in this litigation is extensive and goes beyond the scope of a treating physician to that of a retained expert that is required to provide a written report.

It is not the extent of Dr. Wolf's involvement that determines whether he is required to provide a written report.  The determination derives from whether Dr. Wolf "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Given Dr. Wolf's refusal to provide a written report, the Court is assuming that he is not an employee of the party regularly involved in giving expert testimony.  Therefore, the question before the Court is whether Dr. Wolf was retained or specially employed to provide expert testimony and the plaintiffs deny that he was.  It

is plaintiffs' position that Dr. Wolf is a treating physician and not a retained expert. As such, no written report pursuant to Rule 26(a)(2)(B) is required.

However, as a Rule 26(a)(2)(C) non-retained expert witness, Dr. Wolf's testimony is limited to the determinations made in the course of providing treatment to the plaintiff Angela Hambach. Any objections to Dr. Wolf's opinions that are speculative or formed outside the course of providing treatment will be sustained. Further, if such opinions are based on the patient's self-reported history, "the accuracy and truthfulness of the underlying medical history is subject to meaningful exploration on cross-examination and ultimately to jury evaluation." *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1021 (7th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (June 1, 2000).

Finally, the plaintiffs have indicated that Dr. Wolf's records pertaining to the treatment of Angela Hambach are available to the defendants. As such, there should be no surprise or prejudice to the defendants with regard to Dr. Wolf's testimony as his testimony must remain within the parameters of his treatment of Ms. Hambach.

**IT IS SO ORDERED.**

**DATED:**  10/6/2016

                                                          *s/J. Phil Gilbert*
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**